828 So.2d 1035 (2002)
John HOUTSMA, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-0038.
District Court of Appeal of Florida, First District.
September 13, 2002.
Rehearing Denied October 25, 2002.
Nancy A. Daniels, Public Defender and Michael J. Minerva, Special Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General and Thomas H. Duffy, Assistant Attorney General, Tallahassee, for Appellee.
VAN NORTWICK, J.
John Houtsma appeals an order entered after a non-jury trial in which the trial court civilly committed him as a sexually violent predator under the Jimmy Ryce Act, sections 394.910-.931, Florida Statutes *1036 (2000). Appellant has raised a number of constitutional challenges which this court has recently decided in Hudson v. State, 825 So.2d 460(Fla. 1st DCA 2002). In Hudson, we reversed and remanded for a new trial based upon a deficiency in the evidence. Here, however, unlike Hudson, there was competent substantial evidence introduced below that Houtsma cannot control his dangerous behavior. Further, the trial court relied, in part, upon the fact that Houtsma suffers from an impulse control disorder in concluding that he should be committed. Therefore, the conditions precedent to commitment were met in this case. Accordingly, we affirm.
In Hudson, this court held that the Act does not offend substantive due process rights, equal protection rights, or constitutional rights insuring against ex post facto laws and double jeopardy. The evidence in Hudson was sufficient to establish that Hudson had been convicted of a sexually violent offense, that he was suffering from a mental abnormality or personality disorder, and that his condition made it more likely that he would commit future acts of sexual violence. The Hudson court found, however, that the evidence presented was not legally sufficient to establish the fourth requirement for commitment announced in Kansas v. Crane, 534 U.S. 407, 122 S.Ct. 867, 870, 151 L.Ed.2d 856 (2002), that the person who is to be committed must suffer from "serious difficulty in controlling behavior." Hudson, 825 So.2d at 471. Accordingly, for the reasons expressed therein, in Hudson this court reversed and remanded for a new trial.
In contrast, below both psychologists testified that Houtsma is unable to control his behavior. More specifically, Dr. Shaw diagnosed Houtsma with impulse control disorder with paraphilic features. He explained that people with this disorder may know that their behavior is wrong, but they cannot stop themselves from committing the bad acts even when they have an opportunity to do so. Houtsma himself reported that he is unable to control his impulses.
While the trial court's written order of commitment does not expressly mention Houtsma's impulse control disorder, the trial court made a lengthy oral pronouncement at the conclusion of the hearing stating, in particular, that the court did consider Houtsma's impulse control disorder before concluding that commitment was appropriate.
Finding that this and the other evidence presented below satisfied the constitutional conditions precedent to commitment, we AFFIRM.
ERVIN and BROWNING, JJ., concur.